18-474-cv
Citizens for Responsibility and Ethics in Washington v. Trump

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2018

(Argued: October 30, 2018        Decided: March 20, 2020)

Docket No. 18-474

_____

Citizens for Responsibility and Ethics in Washington, Restaurant
Opportunities Centers United, Inc., Jill Phaneuf, and Eric Goode,

*Plaintiffs-Appellants*,

v.

Donald J. Trump, in his official capacity as
President of the United States of America,

*Defendant-Appellee*.

_____

Before:

JOHN M. WALKER, PIERRE N. LEVAL, *Circuit Judges*.[1]

DEEPAK GUPTA, Gupta Wessler PLLC,
Washington, D.C. (Jonathan E. Taylor,
Joshua Matz, and Daniel Townsend,
Gupta Wessler PLLC, Washington, D.C.;
Joseph M. Sellers, Daniel A. Small,
Cohen Milstein Sellers & Toll PLLC,

[1] Judge Christopher F. Droney, who was originally part of the panel assigned to hear this case, retired from the Court effective January 1, 2020. The remaining two members of the panel are in agreement regarding this order. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b).

Washington, D.C.; Norman L. Eisen, Stuart C. McPhail, Adam J. Rappaport, Citizens for Responsibility and Ethics in Washington, Washington, D.C.; Laurence H. Tribe, Harvard Law School, Cambridge, MA, on the brief), *for Plaintiffs-Appellants*.

HASHIM M. MOOPPAN, Department of Justice, Washington, D.C., (Chad A. Readler, Michael S. Raab, Megan Barbero, Department of Justice, Washington, D.C., on the brief), *for Defendant-Appellee*.

PER CURIAM:

It is hereby ORDERED that the chapter of the panel opinion of September 13, 2019 captioned "Zone of Interests" is amended by deleting the passage from its fourth paragraph (beginning "The district court's analysis erred on the merits . . .") to the end of the chapter. The chapter is further amended in the first and second paragraphs so that they are consistent with the above deletion, and at the end of the chapter by addition of a footnote acknowledging and explaining the deletion. The chapter in amended form shall read as follows:

ii.    Zone of Interests

The district court also erred in its reliance on the zone of interests test as a basis for finding lack of jurisdiction. The

Supreme Court has recently clarified that the zone of interests test is not a test of subject matter jurisdiction. In *Lexmark Int'l Inc. v. Static Control Components*, the Supreme Court, while acknowledging that past decisions had characterized the zone of interests test as part of a "'prudential' branch of standing," reconsidered the question and clarified both that the "prudential" label is a misnomer and that the test does not implicate Article III standing. 572 U.S. 118, 126–27 (2014). Rather, the Court explained that the test asks whether the plaintiff "has a cause of action under the [law]" on the basis of the facts alleged. *Id.* at 128. The Court emphasized that the test is not "jurisdictional" because "the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction." *Id.* at 128 n.4 (internal quotation marks omitted). In *Bank of America v. City of Miami*, 137 S.Ct. 1296 (2017), the Court reaffirmed that the zone of interests test asks whether the complaint states an actionable claim under a statute (and not whether the plaintiff has standing and the court has subject matter jurisdiction). The *City of Miami* majority reiterated that the Article

III standing requirements are injury, causation, and redressability, and reinforced *Lexmark*'s essential point that the zone of interests question is "whether the statute grants the plaintiff the cause of action that he asserts." *Id.* at 1302.

Accordingly, while it had previously been appropriate to consider whether plaintiffs fall within the zone of interests in deciding whether a plaintiff has standing and the court has subject matter jurisdiction, the Supreme Court has unambiguously rejected that approach. The district court thus misconstrued the nature of the zone of interests doctrine.[FN]

---

Footnote — The original published version of this opinion contained, in this chapter, a discussion of the merits of the zone-of-interests question. That discussion is deleted in order that it not serve as a precedent on the question whether the Complaint states a claim upon which relief may be granted. Because, under *Lexmark*, the merits of the zone-of-interests question do not bear on the court's subject matter jurisdiction, that discussion had no pertinence to whether the district court erred in granting the President's motion under Rule 12(b)(1).